UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:20-cv-61469-RS

AKAI CUSTOM GUNS, LLC,
a Florida Limited Liability Company,
and SHAY HOROWITZ, an Individual,

    Plaintiffs,

vs.

KKM PRECISION, INC. a Nevada
Corporation, SHOOTERS CONNECTION,
INC., a Kentucky Corporation,

    Defendants.

_____/

## PLAINTIFFS' SECOND REQUESTS FOR ADMISSION
## TO DEFENDANT KKM PRECISION, INC.

NOW COME Plaintiffs, AKAI CUSTOM GUNS, LLC and SHAY HOROWITZ, by and through their attorneys, and pursuant to FRCP 36, hereby demands that Defendant KKM PRECISION, INC. provide answers to these Second Requests for Admission at the law offices of McKelvie, McKelvie, Yee & Epacs, P.C., 280 West Maple Road, Suite 220, Birmingham, Michigan 48009, within 30 days.

## INSTRUCTIONS

The answers must include such information as is available to you, or that you can obtain from your employees, agents, representatives, sureties or indemnitors including, where applicable, the knowledge of your attorney.

These Requests for Admission shall be deemed continuing as required by the Federal Rules of Civil Procedure, and supplemental answers thereto shall be required if Defendant, either directly or indirectly, obtains further or different information from that upon which these answers are based from the time that they are filed until trial of this matter.

1

If you object to a Request for Admission, specify the basis for the objection, pursuant to FRCP 36(a)(5). If you object on the basis of privilege, state which privilege you claim, provide the basis for the privilege, along with the name(s) of the person(s) asserting the privilege, date, and, if applicable, identify the document and its author(s) and recipient(s).

## DEFINITIONS

As used herein, the following definitions apply:

1.   The words "you" or "yours" refers to the Defendant, KKM Precision, Inc.; and each and every name by which it is known or has been known; its agents, employees, servants, or representatives; all other persons purporting to act as its agents, employees, servants, or representatives; and all other persons purporting to act on its behalf.

2.   The term "document(s)" set forth in these requests is defined to be synonymous in meaning and equal scope to the usage of this term in the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term. Examples of "documents" include, but are not limited to: ESI, all writings of any kind, including originals and all nonidentical copies, whether different form the original by reason of any notation made on such copies or otherwise, including without limitation, correspondence; memoranda; notes; diaries; statistics; letters; materials; orders; directives; interviews; telegrams; minutes; reports; studies; statements; transcripts; summaries; pamphlets; books; interoffice and intraoffice communications; notations of any sort of conversations; telephone calls, meetings or other communications; bulletins; printed matter; teletype; telefax; worksheets; and all drafts, alterations, modifications, changes and amendments of any of the foregoing; graphic or aural recordings or representations of any kind, including without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, records, motion pictures; and electronic, mechanical, or electrical recordings or

representations of any kind, including without limitation, tapes, cassettes, cartridges, discs, chips, and records.

3. "Relate to" and "regarding" means discuss, describe, refer to, reflect, contain, analyze, study, report on, comment on, evidence, constitute, set forth, consider, recommend, concern, pertain to, or be in any way legally, logically, or factually connected with the matter described in the Request to Produce.

4. "Communication" means any transfer or exchange between two or more persons of any information whether written or oral means, including but not limited to, personal conversations, correspondence, telephone calls, emails, ESI, and messages on any platform, website, or software. This definition includes all communications for which you claim a privilege.

5. "Person" shall mean the plural as well as the singular and shall include any natural person, corporation, partnership, joint venture, association, financial institution, trust, commission, board, governmental agency, other business association or entity, and every other form of entity cognizable by law.

6. As used herein, the terms "identify" or "identification" when used in reference to an individual person means to state his/her full name, present address, if known, and his/her present employment position and business affiliation. When used in reference to a person other than an individual person, "identify" or "identification" means to state whether such person is a corporation, partnership or other organization, and the name, present and last known address, and principal place of business. Once any person has been identified properly it shall be sufficient thereafter when identifying that same person to state his/her name only.

7. As used herein, the term "incident" refers to the event(s) alleged in the First Amended Complaint filed in this action.

8. "Defendant" refers to KKM Precision, Inc. and their respective agents, employees, and all other persons acting or purporting to act on Defendant's behalf, and all of Defendant's representatives whatsoever.

"Plaintiffs" refer to Akai Custom Guns, LLC and/or Shay Horowitz and their respective agents, employees, and all other persons acting or purporting to act on Plaintiffs' behalf, and all of Plaintiffs' representatives whatsoever.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1** - Admit you sold eight (8) 1911 style KKM barrels to Plaintiff AKAI on February 22, 2018.

**REQUEST NO. 2 -** Admit the eight (8) 1911 style KKM barrels that you sold to Plaintiff AKAI on February 22, 2018, were not made from certified 416R gun-barrel quality stainless steel bar stock.

**REQUEST NO. 3** - Admit you sold ten (10) 1911 style KKM barrels to Plaintiff AKAI on April 4, 2018.

**REQUEST NO. 4** - Admit the ten (10) 1911 style KKM barrels that you sold to Plaintiff AKAI on April 4, 2018, were not made from certified 416R gun-barrel quality stainless steel bar stock.

**REQUEST NO. 5** - Admit you sold forty (40) 1911 style KKM barrels to Plaintiff AKAI on July 30, 2018.

**REQUEST NO. 6** - Admit the forty (40) 1911 style KKM barrels that you sold to Plaintiff AKAI on July 30, 2018, were not made from certified 416R gun-barrel quality stainless steel bar stock.

**REQUEST NO. 7 -** Admit you sold ten (10) 1911 style KKM barrels to Plaintiff AKAI on August 26, 2019.

**REQUEST NO. 8** - Admit the ten (10) 1911 style KKM barrels that you sold to Plaintiff AKAI

on August 26, 2019, were not made from certified 416R gun-barrel quality stainless steel bar stock.

**REQUEST NO. 9 –** Admit that subsequent to the filing of the Plaintiffs' First Amended Complaint, you have not taken any steps to correct and/or retract any statements you made in your January 9, 2020 Open Letter to the public regarding Plaintiff AKAI as outlined in Plaintiffs' First Amended Complaint.

**REQUEST NO. 10 –** Admit that you knew that from January 2017 to October 2019, some of the 1911 style KKM barrels that Defendant SCI sold to the public, including, but not limited to Plaintiff AKAI, were not made from certified 416R gun-barrel quality stainless steel bar stock.

                              Respectfully submitted,

                              */s/ Richard J. Fiato*
                              Richard J. Fiato, FBN 15998
                              Attorney for Plaintiffs
                              550 W. Merrill Street, Suite 200
                              Birmingham, MI 48009
                              (248) 262-5403
                              fiatolaw@gmail.com


                              */s/ Edmund S. Yee*
                              Edmund S. Yee
                              Pro Hac Vice No.: 1022557
                              Attorney for Plaintiffs
                              280 West Maple Road, Suite 220
                              Birmingham, Michigan 48009
                              (248) 952-5100
Dated:  April 12, 2022              eyee@mmyelaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 12, 2022, a copy of the foregoing was served upon the attorneys of record for all parties represented, by electronic email service.

| | |
|---|---|
| */s/ Richard J. Fiato* | */s/ Edmund S. Yee* |
| Richard J. Fiato, Esq. | Edmund S. Yee, Esq. |
| Florida Bar No. 15998 | Pro Hac Vice No. 1022557 |
| fiatolaw@gmail.com | eyee@mmyelaw.com |
| 550 West Merrill Street, Suite 200 | **McKelvie, McKelvie, Yee & Epacs, P.C.** |
| Birmingham, MI 48009 | 280 West Maple Road, Suite 220 |
| (248) 762-0210 | Birmingham, MI 48009 |
| *Counsel for Plaintiffs* | Telephone: (248) 952-5100 |
| | *Counsel for Plaintiffs* |

## **SERVICE LIST**

Kevin Patrick Robinson
ZIMMERMAN, KISER & SUTCLIFFE, P.A.
315 E. Robinson Street
Suite 600
Orlando, FL 32801
*Counsel for KKM Precision, Inc.*

John Anthony Chiocca
COLE, SCOTT & KISSANE, P.A.
9150 South Dadeland Blvd.
Suite 1400
Miami, FL 33156
*Counsel for Shooters Connection, Inc.*

Stephanie Chiocca
COLE, SCOTT & KISSANE, P.A.
9150 South Dadeland Blvd.
Suite 1400
Miami, FL 33156
*Counsel for Shooters Connection, Inc.*

John Y. Benford
Wilson Elser Moskowitz Edelman &
Dicker LLP
111 North Orange Avenue, Suite 1200
Orlando, FL 32801
*Counsel for Shooters Connection, Inc.*

6