**LAW OFFICES**
**FIATO**
550 W. MERRILL STREET
SUITE 200
BIRMINGHAM, MICHIGAN 48009
TELEPHONE (248) 762-0210
FACSIMILE (248) 559-0870
Admitted in Michigan and Florida

**RICHARD J. FIATO, ESQ**

June 24, 2020
*Via Email*

**NOTICE OF REQUIREMENT TO PRESERVE EVIDENCE**

Re: Dame, Michael, Timothy Mekosh, KKM Precision INC.

Dear Mr. Robinson:

    By this letter, you, your firm, and your clients, Michael Dame (hereinafter "Dame"), Timothy Mekosh (hereinafter "Mekosh") and KKM Precision INC. (hereinafter KKM), including any parents, subsidiaries, affiliates, and related companies, as well as their officers, directors, employees, agents, and representatives (hereinafter individually "Client" and collectively "Clients"), are hereby given notice not to destroy, conceal, or alter any computer files or other electronically stored information generated by and/or stored on the respective Client's computers and storage media (e.g., hard discs, floppy discs, back-up tapes, thumb drives, or other off-site or cloud storage) wherever located, that may be evidence in the above-referenced lawsuit as further specified herein. This preservation demand includes third-party computers and storage media within the respective Client's control, including, without limitation, all e-mails and recordings of telephone calls which may be stored on third-party servers or internet services. This preservation notice also applies to any paper records and other information or things that may be or become evidence relevant to this dispute. The failure of any Client to comply with this notice can result in severe sanctions being imposed by the court for spoliation of evidence or potential evidence.

    Through discovery, we expect to obtain from each respective Client a number of documents and things, and also electronically stored information, including, without limitation, files stored on each Client's computers and electronic storage media and peripheral devices, including, without limitation, e-mails, instant messages, text messages, recordings of telephone calls, and other documents which may be stored on third-party servers or internet services, or, if applicable, on the personal home computers and other personal storage media of each Client and their employees or agents, as well as information each Client or their employees or agents may have posted on any social media whatsoever.

Akai Custom Guns
KKM Precision Dame Mekosh
June 24, 2020
Page 2

Electronically stored information, and the storage media on which it resides, contains relevant, discoverable information beyond that which may be found in printed documents. Therefore, even where a paper copy exists, we may seek all documents in their native electronic form along with information about those documents contained on the media, including, without limitation, metadata associated therewith. We may also seek paper printouts of only those documents that contain unique information after they were printed out (such as paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting and redactions) along with any paper documents for which no corresponding electronic files exists.

Electronic data and storage media referenced in this notice covers any electronically stored information which in any way relates or pertains to KKM-manufactured gun barrels sold by KKM or by any Defendant or third party which may be subject to our discovery requests and which the Client is obligated to maintain and not alter or destroy and include, but are not limited to:

> All digital or analog electronic files and other electronically stored information, stored in machine readable format on magnetic, optical or other storage media, including, without limitation, the hard drives or floppy discs used by each Client's computers, cell phone, tablet or other electronic devise and their back up media (e.g., other hard drives, back-up tapes, floppies, thumb drives, peripherals, CD ROM), cloud databases, or otherwise, whether or not such files have been reduced to paper printouts or other media. More specifically, each Client is to preserve all e-mails, instant messages and text messages, Facebook, Twitter, Instagram, Instant Messenger, G Mail, AOL, Yahoo, Hotmail, and any and all other similar applications, networks and platforms, both sent and received, whether internally or externally, and whether the e-mails come in instant messages or text messages, are stored on company or personal computers, or on third party servers or internet services; all word processing files, including drafts and revisions; all spreadsheets, including drafts and revisions; all databases; all presentation, data or slide shows produced by presentation software (such as Microsoft PowerPoint); all graphs, charts, or other data produced by project management software (such as Microsoft Project); all data generated by calendaring, task management, and personal information management, software (such as Microsoft Outlook or Lotus Notes); all data created with use of personal data assistance, pocket PC's, phones, or other local e-mail devices; all data created with the use of the document management software; all audio, video, and still image files; and all voice mail.

Each Client is to preserve all such electronically stored information in its original native format, and is not to transfer it to an alternative format. Further, each Client is not to encrypt, pack, compress, purge, or otherwise dispose of files and parts of files unless a true and correct copy of the original electronically stored information is first made and preserved. Each Client is also to preserve and not to destroy all passwords, description codes, and procedures (including, if necessary, the software to decrypt the files), network access codes, ID names, manuals, tutorials, written instructions, decompression or reconstruction software, and any and all other information

Akai Custom Guns
KKM Precision Dame Mekosh
June 24, 2020
Page 3

and things necessary to access, view, and (if necessary) reconstruct the electronically stored information to be preserved hereunder.

With regard to electronically stored information created subsequent to the date of delivery of this letter, relevant evidence is not to be destroyed, and each Client is to take whatever steps are appropriate to avoid destruction or alteration of this evidence.

The scope of the Client's duty to preserve evidence encompasses any and all documents, data, photographs, or other evidence that is relevant in any way to the issues in dispute in Case No. 06-2020-CA0006658-AXXXCE pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida (the "Lawsuit"), and also to any and all documents, data, photographs, or other evidence which, while not relevant by itself, may lead to the discovery of evidence relevant to the Lawsuit.

The scope of each Client's obligation to preserve evidence includes, but is not limited to: (a) any and all correspondence with, or concerning in any way, the Plaintiffs and/or any Defendant named in the lawsuit; (b) any and all documents, images, or data concerning in any way, KKM-manufactured gun barrels; (c) any and all documents, images, or data concerning in any way, third party complaints about barrels manufactured by KKM regardless of the nature of the complaint; (d) any and all documents or data concerning in any way any customer or consumer complaints received by KKM or any Defendant or third party relating to any barrel manufactured by KKM, regardless of the nature of the complaint; (e) any and all warranty claims made to the KKM or any Defendant or third party relating to barrels manufactured by KKM, regardless of the nature of the claim; (f) any and all warranty claims made by the Plaintiffs relating to any firearms manufactured, assembled, or sold by Plaintiffs, regardless of the nature of the claim; (g) any and all evidence of damages allegedly incurred by the Plaintiffs as a result of the allegations of the Lawsuit; (h) any and all evidence of statements or publication of statements allegedly made about or concerning the Plaintiffs by any Defendant in the Lawsuit; (i) any and all evidence of any purchases of gun barrels by Plaintiffs from any Defendant; (j) any and all testing, analysis, or other expert evaluation of any gun KKM barrels purchased by Plaintiffs or third party; (k) with regard to KKM-manufactured gun barrels, any and all warranties obtained by any person or entity from any Defendant; (l) any and all evidence of sales of any firearms manufactured or assembled, which incorporated KKM-manufactured gun barrels; (m) any and all evidence of returns of any firearms manufactured or assembled by any third party, which incorporated KKM-manufactured gun barrels; (n) any and all KKM-manufactured gun barrels alleged to have in any way, malfunctioned; (o) any and all KKM-manufactured gun barrels alleged to be made of a quality or grade of steel other than what Plaintiffs alleged was advertised; (p) any and all KKM-manufactured gun barrels alleged to have received inadequate vacuum-tempering or heat treating; (q) any and all documents, data, or images relating to the process by which KKM manufacture barrels; (r) any and all letters, emails, text messages, internet posts, comments in online forums, or other publications made by Defendants about or concerning in any way any Plaintiff; (s) any and all testing, analysis, or other expert evaluation of any KKM barrels performed within the 10 years preceding the filing of this Lawsuit (t) any and all communications from each Client to any other client or Defendant that is relevant in any way to the issues in dispute in this Lawsuit; (u) all records and communications concerning any

Akai Custom Guns
KKM Precision Dame Mekosh
June 24, 2020
Page 4

revisions made to the KKM website made in within the 5 years preceding the filing of this Lawsuit; (v) all prior versions of the KKM website within 5 years preceding the filing of this Lawsuit.

To ensure that your Clients' obligation to preserve documents and things will be satisfied, please immediately forward a copy of this letter to the Clients, their key witnesses, and any other persons with custodial responsibility for the information to be reserved, including, without limitation, your respective Client's Information Technology personnel or services, and any third-parties with custody of this information.

Please do not hesitate to contact Ed or me should you have any questions regarding this scope of demand to preserve evidence.

Best regards,

/S/ Richard J. Fiato

Richard J. Fiato, Esq.

cc:  Ed Yee Esq.